**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Desean R. HARBIN, Defendant–Appellant.**

**Nos. 14–3956, 14–3964.**

United States Court of Appeals, Sixth Circuit.

July 20, 2015.

Before: SILER, COOK, and WHITE, Circuit Judges.

*ORDER*

PER CURIAM.

At Desean Harbin's sentencing, the district court applied the career offender enhancement, USSG § 4B1.1. The issue before this court is whether Harbin's prior burglary conviction constitutes a "crime of violence" under the residual clause of the career offender enhancement, USSG § 4B1.2(a)(2). In *Johnson v. United States*, ─── U.S. ───, 135 S.Ct. 2551, 2556–58, 192 L.Ed.2d 569 (2015), the Su-

preme Court held that the identically worded residual clause of the Armed Career Criminal Act (ACCA) is void for vagueness. *Compare* USSG § 4B1.2(a)(2), *with* 18 U.S.C. § 924(e)(2)(B)(ii). We have interpreted both residual clauses identically. *See United States v. Ford,* 560 F.3d 420, 421 (6th Cir.2009); *United States v. Houston,* 187 F.3d 593, 594–95 (6th Cir.1999). Following *Johnson,* the Supreme Court has vacated the sentences of offenders who were sentenced under the residual clause of the Sentencing Guidelines. *See United States v. Maldonado,* 581 Fed.Appx. 19, 22–23 (2d Cir. 2014), *vacated,* No. 14–7445, —— U.S. ——, ——, 135 S.Ct. 2929, —— L.Ed.2d ——, 2015 WL 2473524, at *1 (U.S. June 30, 2015); *Beckles v. United States,* 579 Fed.Appx. 833, 833–34 (11th Cir.2014), *vacated,* No. 14–7390, —— U.S. ——, ——, 135 S.Ct. 2928, —— L.Ed.2d ——, 2015 WL 2473527, at *1 (U.S. June 30, 2015); *see also Wynn v. United States,* No 14–9634, —— U.S. ——, ——, 135 S.Ct. 2945, —— L.Ed.2d ——, 2015 WL 2095652, at *1 (U.S. June 30, 2015) (vacating a Sixth Circuit order, which denied habeas relief based on a predicate offense qualifying under the residual clause of the career offender enhancement). Accordingly, Harbin is entitled to the same relief as offenders sentenced under the residual clause of the ACCA. *See United States v. Darden,* No. 14–5537, 605 Fed.Appx. 545, 2015 WL 4081065 (6th Cir. Jul. 6, 2015) (per curiam).

For these reasons, we vacate the judgment of the district court and remand for reconsideration in light of *Johnson.*